UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND JACKSON, | Case No.: 2:23-cv-02157-APG-EJY |
| Plaintiff | **Screening Order, Order on Application to Proceed without Prepaying Fees, and Order on Motion to Appoint Counsel** |
| v. | |
| MODERNA, *et al.*, | [ECF No. 1, 1-1, 1-3] |
| Defendants | |

Plaintiff Raymond Jackson, who was formerly in the custody of the Nevada Department of Corrections (NDOC) at the time of these allegations, has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed without having to prepay fees or costs for non-prisoners. ECF Nos. 1, 1-1. Jackson's application shows his inability to prepay fees or costs or give security for them. *Id.* As such, I grant Jackson's request to proceed *in forma pauperis*. Jackson has also filed a motion for appointment of counsel. ECF No. 1-3. I now screen Jackson's civil rights complaint under 28 U.S.C. § 1915 and address the motion.

I. SCREENING STANDARD

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     SCREENING OF COMPLAINT

Jackson sues NDOC Medical, Moderna, CEO of Moderna Stephane Bancel,[1] and Dr. Robert Malone for events that took place while he was incarcerated at High Desert State Prison (HDSP). ECF No. 1-1 at 1.  He brings three counts and seeks monetary relief.

The complaint alleges the following: In 2021, Jackson was given two shots of the Moderna covid-19 vaccine. ECF No. 1-1 at 5.  He was unaware of its deadly chemical compound. *Id.*  Someone advised Jackson that if he refused the vaccine he would be denied transfer, he would be isolated in the infirmary, or he would be placed in the hole for non-compliance. *Id.*  NDOC Medical willingly dispensed the vaccine to Jackson. *Id.* at 6.  Shortly after receiving the vaccinations, he became very ill. *Id.* at 5.  Plaintiff was diagnosed with a liver infection. *Id.* at 5-6.  Moderna's vaccine caused Jackson irreversible medical issues, including asthma and a weakened immune system. *Id.* at 6.

Both Stephane Bancel and Dr. Robert Malone admitted the vaccine was a failure and should not have been administered. *Id.*  Bancel was responsible for all major and final "calls" made in the past two years by Moderna. *Id.* at 5, 7.  Malone was a doctor who "had knowledge of the chemical compounds." *Id.* at 7.  Jackson does not allege that Dr. Malone treated him, that Malone was an employee of the NDOC, or any facts from which I could conclude that Malone was a state actor. *Id.* at 2-7.

Based on these allegations, Jackson claims that his Eighth and Fourteenth Amendment rights were violated.  The complaint is not entirely clear, but it appears that Johnson is bringing claims for: (1) deliberate indifference to serious medical needs; (2) cruel and unusual

---

[1] Stephane Bancel's name is inadvertently misspelled on the docket as "Stephanie."  Jackson clearly uses the correct spelling "Stephane" throughout his complaint. ECF No. 1-1 at 2, 4-6.

3

punishment; and (3) due process violations. I will first consider the named defendants because it does not appear that Jackson has named any defendant that can be sued in a § 1983 action.

**A. NDOC Medical**

Jackson has named NDOC Medical as a defendant in this action. He has not named any individual employees of the NDOC. I dismiss with prejudice all claims against the NDOC because it is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010). Leave to amend is denied because amendment would be futile. *Doe*, 131 F.3d at 839.

**B. Remaining Defendants**

A claim to enforce substantive rights conferred by the Constitution and federal statutes may be brought under 42 U.S.C. § 1983. *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausibly support each purported violation. *See, e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (defendants must personally participate in alleged rights deprivation to be liable under § 1983). *See also Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1121 (N.D. Cal. 2011).

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000). "The determination of whether a nominally private person or corporation acts

under color of state law is a matter of normative judgment, and the criteria lack rigid simplicity." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (cleaned up). The Supreme Court has developed four different tests to aid courts in identifying state action. *Id.* But "[a]t bottom, the inquiry is always whether the defendant has 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988); and *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Jackson has only alleged constitutional violations arising under § 1983. However, he has not alleged facts from which it could be concluded that defendants Moderna, Stephane Bancel, and Dr. Robert Malone are state actors. Jackson alleges that Moderna's name was on the vaccine, Bancel and Malone admitted that the vaccine was a failure and should not have been used, Bancel made final decisions for Moderna, and Malone was a doctor and had knowledge of the chemical compounds. Further, I take judicial notice that Robert Malone has never been licensed to practice medicine in Nevada.[2] *See* Nev. State Bd. of Med. Exam'rs., *Licensee Lookup*, (October 31, 2024, 4:00 PM), https://nsbme.us.thentiacloud.net/webs/nsbme/register/#/search/robert%2520malone/0/20.

Construing the facts liberally in Jackson's favor, as I must, the complaint alleges that these defendants are nominally private persons or corporations. As such, Jackson fails to state a colorable § 1983 claim against defendants Moderna, CEO of Moderna Stephane Bancel, and Dr. Robert Malone. Leave to amend is denied as futile.

---

[2] Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record[.]" *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018) (citation and quotations omitted).

Further, since I have dismissed all defendants with prejudice and without leave to amend, this action is dismissed in its entirety with prejudice, as amendment would be futile.

### III.  MOTION TO APPOINT COUNSEL

Jackson files a motion seeking the appointment of counsel. ECF No. 1-3.  Jackson requests counsel because this is a "serious" matter and he cannot properly litigate the action. *Id.* at 1.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*  "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Jackson fails to establish that he is likely to succeed on the merits of his case because NDOC is not a "person" under § 1983 and the remaining defendants are not state actors.  As a result, I deny Jackson's motion seeking the appointment of counsel.

### IV.  CONCLUSION

I therefore order that Jackson's application to proceed without prepaying costs and fees for non-prisoners **(ECF No. 1) is granted.**

I further order the Clerk of the Court to file Jackson's complaint (ECF No. 1-1) and send him a courtesy copy of the complaint.

I further order that the complaint **(ECF No. 1-1) is dismissed** in its entirety with prejudice, as amendment would be futile, for failure to state a claim.

I further order that the motion for appointment of counsel **(ECF No. 1-3) is dismissed without prejudice**.

The Clerk of the Court is directed to close the case and enter judgment accordingly.

I certify that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED this 31st day of October, 2023.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE